MICHAEL, Circuit Judge,
concurring in part and dissenting in part:
I concur in the majority opinion to the extent it affirms the convictions and sen- *341 fences of Abimael Antonio Diaz-Calderon and Saul Solis Diaz. I respectfully dissent from the determination that the government presented sufficient evidence to convict Elmer De Paz Garcia and Angel Augustin Hernandez. A conviction for conspiring to import a controlled substance requires evidence that the defendant knew that the conspiracy involved such a substance. The knowledge requirement is not satisfied by a mere showing that the defendant knew that he was involved in some form of illicit activity. The government produced no evidence to support a finding that either Garcia or Hernandez knew of his involvement in a drug conspiracy. I would therefore reverse their convictions.
I.
On December 12, 2004, Garcia went to the office of Nor Oriente Express in Hyattsville, Maryland, to pick up a package at Hernandez’s request. The package had previously been intercepted by Immigration and Customs Enforcement (ICE) agents when it arrived at Washington-Dulles International Airport from Guatemala. The ICE agents structured a controlled delivery of the package through Nor Oriente Express.
At Nor Oriente, Garcia asked for a package addressed to “Gunder Diaz” and signed a receipt with that name. He was immediately arrested. He appeared surprised when told that he was being arrested for picking up a package containing drugs. Garcia told the agents that another person had sent him to retrieve the package, and he cooperated with the agents by arranging to meet that person in the parking lot of a nearby store. When the other person, Hernandez, arrived at the meeting place and took the package from Garcia, Hernandez was also arrested. Hernandez initially denied knowing anything about the package, but proceeded to offer a series of explanations. He claimed that the package was a gift of fan belts from a friend. He then said that the package was intended for “Dunio,” but he could not remember Dunio’s phone number. He finally admitted that Lucero Lopez was the person who asked him to pick up the package, and he said that he had lied about Dunio because he was scared about giving up Lopez.
II.
The behavior of Garcia and Hernandez is suspicious, but it does not support a reasonable finding that either man knew or believed that the package contained drugs. Such knowledge or belief is essential to support a conviction for a drug conspiracy. See United States v. Lewis, 676 F.2d 508, 512 (11th Cir.1982).
To establish a conspiracy to import a controlled substance, the government must prove beyond a reasonable doubt that (1) an agreement existed between two or more persons to import such a substance; (2) the defendant knew of the agreement or conspiracy; and (3) the defendant knowingly and voluntarily became a part of the conspiracy. United States v. Burgos, 94 F.3d 849, 857 (4th Cir.1996). At a minimum, the government must show that the defendant knew or was willfully blind to the fact that the conspiracy involved the importation of a controlled substance. See Lewis, 676 F.2d at 512. The defendant need not know the particular drug involved so long as he knew that the essential objective of the conspiracy was to import drugs. Id. Evidence that he only knew the conspiracy involved some form of illegal conduct does not suffice to prove a drug conspiracy.
The majority affirms Garcia’s conviction because it concludes that a reasonable trier of fact could find that he was willfully *342 blind to the nature of the conspiracy. I disagree. Knowledge is imputed to an alleged conspirator under a willful blindness theory only in rare circumstances. United States v. Ruhe, 191 F.3d 376, 385 (4th Cir.1999). A finding of willful blindness is appropriate only when the evidence shows that the defendant suspected the nature of the conspiracy, realized its probability, and refrained from confirming his suspicions because he wanted to be able to deny knowledge later. See id. at 384-85. In other words, the evidence must at least support an inference that the defendant purposely remained ignorant of the nature of the illegal acts. United States v. Withers, 100 F.3d 1142, 1145 (4th Cir.1996). This requires more than mere negligence in not obtaining knowledge. See id.
The evidence against Garcia boils down to this: (1) he agreed to pick up a package addressed neither to him nor to the person who asked him to retrieve it; (2) he signed for the package under a false name; and (3) he agreed, at the agents’ request, to deliver the package to Hernandez in a public place rather than at Hernandez’s home. Garcia retrieved the package at a legitimate place of business, and nothing indicated that the package contained drugs. There was no evidence that Garcia had performed similar tasks in the past or that he had prior involvement in drug ’activity that might have raised his suspicions on this occasion. There was also no evidence that Garcia was paid to pick up the package or that he knew Lopez, the person who asked Hernandez to retrieve the package. Cf. Withers, 100 F.3d at 1144-45. The fact that Garcia did not sign his own name is suspicious, but it is not enough to permit a reasonable factfinder to conclude that Garcia was willfully blind to his participation in a conspiracy to import drugs. See United States v. Samad, 754 F.2d 1091, 1099 (4th Cir.1984). At most, the circumstances might have caused him to suspect that something illicit was afoot with respect to the package. His failure to confirm this suspicion, however, cannot support the more specific finding that he was willfully blind to his involvement in a drug conspiracy.
For similar reasons, I would conclude that Hernandez neither had actual knowledge of nor was willfully blind to the nature of the drug importation conspiracy. The evidence against Hernandez indicates that he had more reason than Garcia to suspect some form of illicit activity, but it fails to show either that Hernandez knew he was involved in a drug conspiracy or suspected that drugs were involved. Even when viewed in the light most favorable to the government, the evidence shows only that Hernandez was suspicious enough of the package’s contents to send someone else to retrieve it and to provide the agents with conflicting false stories about it. A factfinder here cannot make the leap from suspicion of illegal activity to suspicion of drug activity without additional evidence, such as some indication that Hernandez had prior experience in the drug trade or knowledge of Lopez’s involvement with drugs, which would have alerted him to the nature of the conspiracy. A defendant cannot knowingly and willfully join a drug conspiracy unless he knows its nature or was willfully blind to it. Hernandez does not fit in either category.
The power to prosecute is a mighty power, and it must be exercised with utmost care. I believe the prosecution here should have exercised more care in evaluating the strength of its case before seeking convictions against Garcia and Hernandez. I would reverse their convictions for lack of sufficient evidence.